CHARLES M. LAMB, ADMINISTRATOR OF MINERVA M. COX, *v.* ISAIAH P. MATTHEWS, APPELLANT.

*Promissory Note.    Assignment.    Power of Attorney.    Probate Court.*

The delivery of a promissory note payable to bearer, by its holder and owner, with a right "to collect it, and use the avails as needed," is an assignment of it.

Such a delivery by no means constitutes an agency, nor confers upon the holder a mere power of attorney, which is revoked upon the death of the person who delivers it.

If at the time of the delivery there was an express understanding that, at the death of the person giving it, it should be surrendered to the executor of the deceased, if uncollected, it is still an assignment, but an assignment with a limitation ; and, if the limitation does not appear upon the note itself, the maker of it, who has paid it in ignorance of the understanding, could in no way be affected by it.

ASSUMPSIT upon the following promissory note :

" Rochester, March 12, 1859.

For value received I promise to pay Minerva M. Cox or bearer six hundred dollars in four years or before, with interest annually.                                    I. P. MATTHEWS."

Plea, *non assumpsit* and notice of payment.    Trial by the court by consent of the parties, May term, 1867, BARRETT, J., presiding. Said note was given in evidence ; also letters of administration, with a copy of the will of Minerva M. Cox annexed.    By her will she bequeathed all of her personal property fallen to her from her father's estate, to her sister, Leonora D. Stearns, for her own use and disposal.

Mrs. Cox was a daughter and heir of William Matthews, of Rochester, Vermont, deceased, and a sister of the defendant. She died in Damariscotta in the state of Maine, in August, 1863. About five and a half years before her death, she was married to Daniel Cox of that place, and lived with him till her death.    Upon the death of her father, she was entitled as his heir to an interest in his real estate, which was purchased by the defendant ; and the note was given therefor.    At the time the note was executed, it was delivered to Mr. Wing, executor of the will of the defendant's father ; and soon after was passed into the hands of Mrs. Stearns, of Waitsfield, formerly of Bethel, a sister of Mrs. Cox and the defendant, with authority from Mrs. Cox to use the avails of it

for her support and comfort as she might need, or find occasion. The note remained in the hands of Mrs. Stearns in that way till after the death of Mrs. Cox, and without Mrs. Stearns calling for any pay upon it till June or July, 1864. The defendant had not known nor heard anything of the whereabouts of the note after he gave it, till June, 1863, when Mrs. Stearns notified him that she held the note, and that when he paid it, he must pay it to her; that she did not want pay upon it then, but only to notify him that she held the note. In June or July, 1864, being in want of some money to pay the expense of sending a man to Maine, in relation to Mrs. Cox's estate, she sent the note by her son-in-law to the defendant, with the request that he would pay on it $40 in money and give a new note for the balance, which the defendant did, and then took up the original note; and along from time to time, within a year after giving said new note, he paid the same in full to Mrs. Stearns.

Daniel Cox, sole executor of his wife, proceeded in due form of law, in the proper court of the state of Maine, to prove her will and settle and administer her estate; and having procured a copy of the note, embraced and returned the same in his inventory of the estate and property of the testatrix. By the statute of the state of Maine, a husband may waive the provision in his behalf of the will of his wife, and take other estate according to other specific provisions of said statute. Daniel Cox so waived such provision of said will, and was entitled to share in the estate of his wife according to the statute of the state of Maine. The settlement of the estate in Maine was not then closed, on account of the proceedings in this state pending in this suit. In May or June, 1864, and before any payment was made on the original note, that and a certificate of bank-stock in the White River Bank, of Bethel, in the hands of Mrs. Stearns, owned by Mrs. Cox, were sent by express by Mrs. Stearns to the judge of probate in whose court the will was proved in the state of Maine for the purpose of going into the settlement of said estate in that court; but, on taking counsel, she by telegraph countermanded the delivery before the package had arrived, and the same was returned to her by express without having been delivered to said judge. This was done upon

advice that the note, being made and payable in Windsor county, Vermont, and the bank-stock, being of a bank in said county, were subject to the jurisdiction of the probate district in said county in which they were thus situated. In consequence of what was thus done, letters of administration were taken by the plaintiff, as above set forth, in furtherance of which said administrator brought this suit.

Before the death of Mrs. Cox, the defendant heard that she had made a will; but he did not know its contents till after her death. The latter part of February, or the fore part of March, 1864, said Daniel visited Bethel for the purpose of ascertaining what property and rights of property his deceased wife had in Vermont, for the purpose of making an inventory of them as executor, to return and render to the probate court in Maine ; and on that occasion the defendant knew the contents of the will, and he and said Daniel had conversation together about her property ; and the defendant told said Daniel that he supposed she had stock in the bank, and a note that said Daniel had against him, and said he had no objections to said will, and was satisfied with the manner in which Mrs. Cox had disposed of her property.

From all the evidence in the case, the court found that the testatrix did not in her lifetime give said note to Mrs. Stearns as her own, but permitted it to be held by Mrs. Stearns, with the right to collect it, and use the avails as she should need and see fit, said note being and remaining the property of said Mrs. Cox, the testatrix, during her life.

The court, upon consideration of the above facts, rendered judgment *pro forma* for the plaintiff to recover the amount of the note and costs, to which the defendant excepted.

*Clough & Palmer*, for the defendant, maintained that the suit was improperly brought, and can not from the facts be sustained. Gen. Sts., ch. 49, § 34, § 35, § 36 ; 29 Vt., 98 ; 31 Vt., 589, 390 ; 35 Vt., 355 ; 5 U. S. Dig., 606.

*C. M. Lamb* and *A. P. Hunton*, for the plaintiff.

The opinion of the court was delivered by

STEELE, J. This case, as it seems to us, does not depend upon any peculiar probate statute of either Maine or Vermont, but is governed by the law applicable to negotiable paper.

The action is upon a promissory note signed by the defendant, and payable to the testatrix, Mrs. Cox, or bearer, which note Mrs. Cox in her lifetime caused to be handed to Mrs. Stearns to collect and use the avails as she might need. The defendant paid the note to Mrs. Stearns while she held it, but did not pay it until after the decease of Mrs. Cox. The note, having been taken up, and having been paid to the actual bearer, *prima facie* is extinguished.

The burden is upon the plaintiff to impeach this payment, and this burden he assumes by undertaking to show, first, that Mrs. Stearns, though the actual, was not the legal holder of the note, when the defendant paid it, and, secondly, that the defendant knew this or had reason to know it. In other words, the plaintiff claims that, upon the facts shown in this case, the defendant ought, in the exercise of good faith and the requisite prudence, to have refused to pay this note to the actual holder, Mrs. Stearns. To establish this, the plaintiff relies upon the fact that, while Mrs. Cox, shortly after the execution of the note, caused it to be delivered to Mrs. Stearns, with this right to collect it and use the avails, she did not give it to her absolutely, but only the avails as she should collect them, she (Mrs. Cox) retaining the title to the note during her life. This, it is insisted, amounted simply to such a grant of authority, or power of attorney, as would be revoked by the death of Mrs. Cox. It is to be noticed at the outset, that the case does not show that Mrs. Stearns ever had any actual authority to act as an agent or attorney of Mrs. Cox, in the collection of this note. The note was given her to collect as she might need it herself and to use the avails herself, not to collect for Mrs. Cox and to pay over to her. If Mrs. Stearns had no authority as agent or attorney of Mrs. Cox, of course there was no such authority to be revoked by the death of Mrs. Cox. When Mrs. Cox delivered this note, which was payable to bearer, to Mrs. Stearns, and invested her with the right to collect and

use it, she transferred the note, and it was none the less a transfer because limited in its terms. If the note had been payable to the order of Mrs. Cox, and Mrs. Cox had written and signed an indorsement in terms directing the maker to pay it to Mrs. Stearns or her order, when presented; that indorsement would, so far as the defendant was concerned, have expressed just what in law was effected by the delivery of the note payable to bearer. The indorsement or transfer of a negotiable note, by no means constitutes an agency. It is an assignment. If there was an understanding that the title to the note, until paid, was to remain in Mrs. Cox, or even if there was an express understanding that at Mrs. Cox's decease it was to be surrendered to her executor, if uncollected, it is still an assignment, but an assignment with a limitation. The limitation, not appearing upon the note itself, could in no way affect the defendant while he is ignorant of it. The note having been put in the hands of Mrs. Stearns as an assignee, with a right to collect it and use its avails, he is not bound to know or suspect that there is a limitation to that right. If this assignment was limited, it was by virtue of some act of the parties which the defendant was not bound to understand, and not by virtue of some law which he would be presumed to understand.

The case does not show that the defendant was in fact ever informed of any limitation to the effect of the transfer, nor that the executor ever notified him not to pay the note to Mrs. Stearns, although he had opportunity to do so. It is true, that the defendant knew of the will of Mrs. Cox, and, by the terms of that will, the legacy to Mrs. Stearns, though not expressly naming this $600 note, would cover it. It is suggested, that the defendant ought from this to have taken notice that Mrs. Cox claimed an interest in the note ; but the natural inference from the terms of this legacy would be quite different, when viewed in light of the fact that the defendant was aware that the note had been in the hands of Mrs. Stearns for a year or more, previous to the decease of Mrs. Cox. The defendant might fairly conclude that the testatrix had become her own executor, so far as this note was concerned; and had delivered it before her death. Again, the maker of the note, seeing it, sometime after the testatrix's decease, in the

hands of the very person to whom it was bequeathed, would have every reason to suppose it was there with the consent and approval of the executor; and even if the defendant had understood that the note belonged to the estate at the decease of Mrs. Cox, he would, after seeing the will as he did, naturally anticipate that he would be called upon to pay it to Mrs. Stearns, to whom it was bequeathed, and, on her presenting it to him, he would have no reason to suspect her title to it, or her right to collect it.

The *pro forma* judgment is reversed, and judgment is rendered for the defendant.